IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 3, 2022

**IN RE HAVEN-LEE S. ET AL.**

**Appeal from the Juvenile Court for Shelby County**
**No. FF1028    Alycia Chism, Magistrate**

---

**No. W2022-00124-COA-T10B-CV**

---

Appellants seek accelerated review of a juvenile court magistrate's denial of their motion for recusal.  Because the magistrate's decision is not subject to an accelerated interlocutory appeal under Tenn. Sup. Ct. R. 10B, § 2, we dismiss the petition and transfer the matter to the juvenile court for the juvenile judge to review the decision under Tenn. Sup. Ct. R. 10B, § 4.04 and Tenn. Code Ann. § 37-1-107.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Juvenile Court Transferred**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and KENNY W. ARMSTRONG, JJ., joined.

Gregory S. Gallagher, Memphis, Tennessee, for the appellants, Brian A. and Brittany K. A.

Kimberly Dougherty, Somerville, Tennessee, for the appellees, Tiare S. and William Lee Mark S.

Rekha Elizabeth Blackerby, Memphis, Tennessee, for the appellee, William Presley.

**OPINION**

FACTUAL AND PROCEDURAL HISTORY

This is an appeal from a juvenile court magistrate's denial of a motion for recusal. The underlying case is a dependency and neglect proceeding filed by Tiare and William Lee Mark S., the maternal grandparents of Haven-Lee S. and Conner A.  Brittany A. ("Mother") is the mother of both children, and Brian A. is Conner's biological father and the step-father of Haven-Lee.  A preliminary hearing was held on August 4, 2021, at which

Mother and maternal grandparents testified. Following the hearing, the magistrate determined, in her oral ruling,[1] that the children should be placed in the temporary custody of the maternal grandparents. The magistrate further stated that Mother's testimony regarding an episode of alleged domestic violence between Mother and Brian A. was not credible.

On October 15, 2021, Mother and Brian A. filed a motion for recusal of the juvenile court magistrate, alleging that the magistrate's credibility determination has affected her "ability to fairly and impartially hear this matter and has created a bias towards [Mother]." Mother also alleged that she was unable to adequately present her proof in the time allotted by the magistrate. In support of the motion, Mother and Brian A. filed an affidavit as required by Tenn. Sup. Ct. R. 10B.

On January 14, 2022, the juvenile court magistrate entered an order denying the motion for recusal. On February 3, 2022, Mother and Brian A. filed an Accelerated Interlocutory Appeal Petition for Recusal to this Court, alleging that the magistrate's order denying their motion was in error.

ANALYSIS

Appeals from orders denying motions to recuse are governed by Tenn. Sup. Ct. R. 10B ("Rule 10B"). Under Rule 10B, § 2.01, an accelerated interlocutory appeal is only available where a "trial court judge" denies a motion for recusal made under Rule 10B, § 1. Rule 10B, § 1.01 specifies that it applies only to the recusal of "a judge of a court of record." Juvenile courts are courts of record, and the judges of those courts are covered by Rule 10B, §§ 1 and 2.[2] However, this case was heard before a juvenile court magistrate, rather than by a trial court judge or a judge acting as a court of record. The recusal of a juvenile court magistrate is governed by Rule 10B, § 4. *See* TENN. SUP. CT. R. 10B, cmt. § 1 ("Other judicial officers who serve in a juvenile court, such as a magistrate or referee, are covered by section 4 of this rule."). Therefore, the procedures outlined in Rule 10B, § 4 provide the procedural framework for the appeals process in this case.

Under Rule 10B, § 4, there is no right to an accelerated interlocutory appeal from a magistrate's decision denying recusal. Rather, judicial review of the denial of a motion to recuse under § 4 "depends on the forum in which the motion is made and is governed by

---

[1] The magistrate's written order is not present in the materials provided; however, Mother and Brian A. have provided an unofficial transcript of the preliminary hearing, and Petitioners have not objected to the accuracy of that transcript.

[2] A juvenile court judge's denial of a motion for recusal would be subject to an accelerated interlocutory appeal under Rule 10B, § 2, but in a dependency and neglect case the appeal would be to the circuit court rather than this Court. *See* Tenn. Code Ann. § 37-1-159(a).

the law applicable to that forum." The explanatory comments to § 4 of Rule 10B provide the following additional explanation:

[R]ulings of some judicial officers (e.g., a magistrate, referee or master) can be subject to the approval or review of a judge of a court of record. These examples are provided to illustrate that, in the various proceedings covered by this section, review of a judge's or other judicial officer's denial of a motion for disqualification should be sought in accordance with the appeal procedure generally available for review of the judge's or judicial officer's other rulings.

The appeal procedure for a juvenile court magistrate's ruling is set forth in Tenn. Code Ann. § 37-1-107(d), which provides that "[a]ny party may, within ten (10) days after entry of the magistrate's order, file a request with the court for a de novo hearing by the judge of the juvenile court. The judge shall allow a hearing if a request for hearing is filed." Thus, under Rule 10B, § 4.04, the magistrate's decision denying recusal must be reviewed by the juvenile court judge under Tenn. Code Ann. § 37-1-107, not by this Court under Rule 10B, § 2.

When a case has been appealed to the wrong appellate court, Tenn. Code Ann. § 16-4-108(a)(2) provides that it should be "transferred to the court having jurisdiction of the case, direct." *See also In re Estate of White*, 77 S.W.3d 765, 769 (Tenn. Ct. App. 2001). Here, the review must be made by the juvenile court judge rather than the Court of Appeals. Therefore, the matter is transferred to the juvenile court for the juvenile court judge to review the magistrate's recusal decision.

CONCLUSION

For the foregoing reasons, the appeal is transferred to the juvenile court for further proceedings consistent with this opinion. Costs of this appeal are assessed against Brittany A. and Brian A., for which execution may issue if necessary.

_/s/ *Andy D. Bennett*_____
ANDY D. BENNETT, JUDGE